UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
DOCKET NO. 5:19-MC-7

IN RE:     STANDING ORDER GOVERNING JURY SELECTION AND INSTRUCTION IN CIVIL CASES BEFORE THE HONORABLE KENNETH D. BELL

---

The terms of this Order shall presumptively apply to all pending and future civil cases on the docket of the Honorable Kenneth D. Bell in which a trial by jury has been demanded.

**1. VOIR DIRE.** Pursuant to Rule 47(a) of the Federal Rules of Civil Procedure, the Court will conduct all jury voir dire, except as set forth below.

    a.     Prior to a scheduled trial term of Court, the Jury Coordinator will mail to each person selected for jury service a "Confidential Juror Questionnaire," a copy of which is attached to this Order as <u>Exhibit A.</u> Counsel will be provided copies of the completed juror questionnaires immediately prior to jury selection and voir dire.

    b.     After the prospective jurors are sworn, the Court will conduct the jury voir dire as follows:

        i.     Welcome the jury pool to the Court, briefly explain the importance of the jury and thank them for their jury service;

        ii.     Explain to the jury pool the purpose of voir dire;

        i.     Give the jury pool a short summary of the nature of the case and tell them the expected length of the trial;

        ii.     Have counsel introduce themselves and their clients;

        iii.     Have counsel identify all potential witnesses;

        iv.     Randomly select 8 members of the jury pool to be seated in the jury box;

        v.     Ask the seated prospective jurors (and all later seated prospective jurors) if any one of them has previously heard or read anything about the case or has a relationship with counsel, a party or a witness;

        vi.     Ask the prospective seated jurors if any of them has special circumstances (including personal obligations and/or medical conditions) that would make serving as a juror for the case unduly difficult;

        vii.     Ask the seated prospective jurors any other questions that the Court considers

appropriate for the case within its discretion, potentially including questions requested by counsel prior to the trial (*See* IV(E)(1), (G) of the Court's standard Civil Pretrial Order and Case Management Plan). (Note: counsel will also be given an opportunity to suggest follow up questions for the Court's consideration after the Court's questioning of each group of prospective jurors);

viii. Ask the seated prospective jurors any necessary follow-up questions that may arise from a prospective juror's answer to any question, including written answers to questions on the Confidential Juror Questionnaire; and

ix. Ask if there is any other reason that a seated prospective juror believes he or she could not sit on this jury and render a fair and impartial verdict.

2. **JURY SELECTION.** Jury selection will proceed as follows:

   a. Civil juries will consist of eight (8) jurors with no alternates; however, no mistrial will result if a juror must be excused mid-trial so long as at least six (6) jurors remain at the time a verdict is returned.

   b. After each group of randomly selected prospective jurors is seated and voir dired, the parties may make requests to excuse jurors for cause and hardship in writing on a form to be provided by the Court, which may be heard and ruled upon in sidebar.

   c. All plaintiff(s) collectively shall be entitled to three (3) peremptory challenges. All defendant(s) collectively shall likewise be entitled to three (3) peremptory challenges. The Court may allow additional peremptory challenges (no more than three per party) in exceptional cases.

   d. Peremptory challenges shall be exercised as follows: With respect to each group of seated prospective jurors, the Plaintiff shall first exercise any of its available peremptory challenges on a form to be provided by the Court. Then, on the same form, the Defendant shall exercise any of its available peremptory challenges as to the remaining prospective seated jurors. Any prospective juror who is not excused for cause or hardship or peremptorily challenged during the selection round in which he/she is first seated in the box shall be a selected member of the jury, and counsel will not be permitted to question or challenge the juror later in the process, even if counsel has not used all of his/her peremptory challenges.

   e. The Court will announce the prospective jurors who have been struck without stating the party who made the peremptory challenge.

   f. This process will continue with additional groups of one or more members of the jury pool being chosen at random and called to the box, voir dired and potentially excused or peremptorily challenged until all eight jurors are selected.

3. **JURY INSTRUCTIONS.** Jury instruction will be conducted throughout the trial rather than only at the end to give the jury its instructions at the times when the instructions will be the most useful, avoid the monotony of a single final charge and allow the jury to begin

its deliberations shortly following counsel's closing arguments.

- a. **Initial Instructions.** Initial jury instructions will be given after the jury is empaneled and before opening statements. Topics covered in these initial instructions include:

    (i) juror conduct during trial;

    (ii) the province of the judge and jury;

    (iii) what is/is not evidence; and

    (iv) assessment of witnesses.

    The Court's initial jury instructions are attached to this Order as <u>Exhibit B</u>. Ordinarily, these instructions will not be repeated during the final jury charge but will be included in a set of written jury instructions that will be sent back with the jury during deliberations.

- b. **Instructions During Trial.** Instructions will be given during the course of the trial as needed to explain why certain evidence has been admitted or excluded. Issues arising during trial that may warrant an instruction include:

    i. If judicial notice of a fact is taken, or a stipulation is read into the record, or an expert witness is qualified to testify concerning matters of opinion, the Court may explain these procedures to the jury at the appropriate time;

    ii. If charts, summaries, or transcripts are used to aid the jury but not admitted into evidence, an appropriate instruction concerning the use of the aid may be given;

    iii. if evidence is admitted for a limited purpose (*e.g.*, prior bad acts, impeachment by prior inconsistent statement or criminal conviction), an appropriate cautionary instruction may be given at that time.

    Ordinarily, these instructions will not be repeated during the final jury charge and will not be included in the set of written jury instructions that will be sent back with the jury during deliberations. Accordingly, if counsel believe that a cautionary or explanatory instruction is needed at any time during trial, counsel shall immediately request such an instruction or any objection to the Court's failure to instruct shall be deemed waived.

- c. **Instructions at the Close of the Evidence.** Instructions on the specifics of the case before the jury will be given after the close of all evidence prior to counsel's final arguments. Topics covered in these instructions include:

    i. the burden of proof;

    ii. a reading of each jury interrogatory on the verdict form, together with the elements of each claim or defense and relevant definitions of terms; and

    iii. damages

    The Court's pattern instructions at the close of the evidence are attached to this

Order as <u>Exhibit C</u>, although the Court's instructions in each case will be informed by the parties' pretrial jury instruction requests (*See* IV(E)(2), (F) of the Court's standard Civil Pretrial Order and Case Management Plan) as this phase of jury instructions is largely case-specific. These instructions will be included in the set of written jury instructions that will be sent back with the jury during deliberations.

d. **Final Instructions.** Final jury instructions will be given after closing arguments and before the jury retires to deliberate. The Court's pattern final instructions are attached to this Order as <u>Exhibit D</u>. These instructions will be included in the set of written jury instructions that will be sent back with the jury during deliberations.

IT IS SO ORDERED.

Signed: July 9, 2019

Kenneth D. Bell
United States District Judge

**Exhibit A**

**CONFIDENTIAL JUROR QUESTIONNAIRE**
**(To be Reviewed Only by Counsel and the Court)**

Name: _____ Age: _____

Town/City of Residence: _____

County of Residence: _____ How long have you lived there: _____

Highest Level of Formal Education: _____

What is your current job status (working full-time, working part-time, unemployed, retired, student, etc.)?
_____

If working, where do you work? _____

Describe your position and what you do at work? _____

(If retired or previously employed, please answer these questions for where you worked and what you did before you retired or were unemployed /became a student, etc.)

Has your occupation changed in the last five years? _____. If so, what was your previous occupation?
_____

Military service: _____ If so, branch, number of years of service and rank at discharge:_____

Marital Status (Check One):   ___Single
                              ___ Married/Remarried: If married, years married: _____
                              ___ Divorced and not remarried
                              ___ Widow/Widower

Spouse's (or former spouse's) employment (if any): _____. Years at this employment: _____

Children (Check One):   ___No
                        ___ Yes: If yes, ages and occupation (if any): _____
_____

What are your hobbies or recreational / spare-time activities? _____

Have you ever sat on a jury before?   ___No
                                      ___ Yes:  If yes, was it a Civil Jury ___
                                                 or a Criminal Jury ___
                                      If yes, did you reach a verdict: ___No or ___Yes
                                      (Do **NOT** indicate what the verdict was)

Other than serving as a juror and other than minor traffic violations, have you ever had any other involvement in a court proceeding (as a party, witness, or other role)? ___No or ___Yes
    If yes, briefly describe

_____

_____

_____

# Exhibit B

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in this trial.

First, a few words about your conduct as jurors.

1. I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you all retire to the jury room at the end of the case to deliberate on your verdict, you must not talk about this case.

2. Do not read or listen to anything touching on this case in any way – that includes newspaper articles or television or radio reports on this case, if there are any. If anyone should try to talk to you about the case, you must bring it to my attention promptly.

3. Do not look up anything on the internet, try to do any research or make any investigation about the case on your own. It is important that the only evidence that you should consider is what is presented during the trial.

4. Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. If you do, remember that they should serve only as an aid to your memory; they are not a substitute for your own memory or the memory of any other juror. It is each juror's individual responsibility to listen carefully to and remember the evidence. Also, remember that your notes are not evidence, and your individual recollections must control your deliberations. Those of you who take notes should leave them in the jury room when you leave the courthouse each evening.

As members of the jury, you are the sole and exclusive judges of the facts. You determine the credibility of the witnesses and resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence. You are to perform the duty of finding the facts without bias, prejudice, or sympathy to any party.

As judge, it is my responsibility to preside over the trial, decide what testimony and evidence is admissible under the law for your consideration, and instruct you as to the legal principles governing this case. It is your duty to accept my instructions of law and apply them to the facts as you determine them. You should not single out any instruction as alone stating the law but must consider all my instructions as a whole. You may not substitute or follow any personal or private notion or opinion as to what the law is or ought to be. Nothing that I may say or do during the trial is intended to suggest, or should be taken by you as suggesting, what your verdict should be.

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find. Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments, and questions by the lawyers or myself are not evidence.

It is the witnesses' sworn testimony that is evidence. Thus, if a lawyer makes a statement or propounds a question that assumes certain facts to be true, this must not be taken as evidence unless a witness adopts or agrees to the assumed facts in his answer.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is overruled, treat the answer like any other. If the objection is sustained, ignore the question. Do not attempt to guess what answer might have been given had I allowed the question to be answered.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two types of evidence which you may properly assess in determining whether a party has met its burden of proof – direct evidence and circumstantial evidence. Direct evidence is direct proof of a fact, such as the testimony of an eyewitness to something he knows by virtue of his own senses. Circumstantial evidence is proof of a set of facts from which you may infer or conclude, based on your reason, experience, and common sense, that some other fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all the evidence presented.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or none of it, or believe part and disbelieve part. In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of a fact. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

In considering the testimony of any witness, you should use all the tests for truthfulness that you would use in determining matters of importance to you in your daily life. You should consider any bias or hostility the witness displays for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness has to see, hear, and know the things about which he testifies, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony. Always remember that you should use your common sense and good judgment.

The trial will now begin. First, each side may make an opening statement. An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, offered to help you follow the evidence. Next, the plaintiff will present his [her / its] witnesses, and

the defendant may cross-examine them. Then the defendant will present his [her /its] witnesses, and the plaintiff may cross-examine them. After the evidence is in, I will instruct you on the law, and the attorneys will make their closing arguments on the case to you. You will then retire to deliberate on your verdict.

# Exhibit C

Members of the Jury:

Now that you have heard the evidence and soon will hear the arguments of counsel, I will instruct you as to the law that applies in this case. If any difference appears to you between the law as stated by the attorneys in closing arguments and that stated by me in these instructions, you are to be governed by my instructions.

I remind you that it is your duty and your responsibility in this trial to judge the facts in accordance with the law as I instruct you. You may find the facts only from the evidence which I have allowed to be admitted during this trial. You must not consider anything which I have instructed you to disregard, and evidence which I have admitted only for a limited purpose you must consider only for that purpose.

**[Insert any additional general instructions as may be necessary here.]**

In a civil case, the party with the burden of proof on any given issue has the burden of proving every disputed element of his claim or affirmative defense to you by a preponderance (or the greater weight) of the evidence. To establish a fact by a preponderance (or the greater weight) of the evidence means to prove that the fact is more likely true than not true. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. If you conclude that the party bearing the burden of proof has failed to establish any essential part of his (her /its) claim or affirmative defense by a preponderance of the evidence, you must decide against him (her / it) on the issue you are considering.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

*****

**[Insert instructions specific to the issues, claims, defenses and damages in the case, such as the example below]**

*The first issue on the verdict form reads: "………."*

*To establish a claim for ____, the plaintiff must prove each of the following elements by a preponderance of the evidence:*

*The second issue on the verdict form reads: "What amount of compensatory damages, if any, is the Plaintiff entitled to recover from the Defendant?"*

*If the plaintiff has proven any of its claims against the defendant by a preponderance of*

*the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable on any of the plaintiff's claims. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.*

**[Further damages instruction]**

\* \* \* \* \*

With these instructions in mind, you will now hear the closing arguments of counsel.

# Exhibit D

Members of the Jury:

Now you have heard the evidence and the arguments of counsel. It is your duty to remember the evidence whether it has been called to your attention or not, and if your recollection of the evidence differs from that of the attorneys, you are to rely solely upon your recollection of the evidence in your deliberations.

It is your duty not only to consider all the evidence, but also to consider all the arguments, the contentions and positions urged by the attorneys and any other contention that arises from the evidence, and to weigh them all in the light of your common sense, and as best you can, to determine the truth of this matter.

The law, as indeed it should, requires the presiding judge to be impartial. Therefore, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.

I instruct you that a verdict is not a verdict until all [eight] jurors agree unanimously as to what your decision shall be. Each one of you must decide the case for yourself. However, you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it ought to be changed. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

I suggest that as soon as you reach the jury room, before beginning deliberations, you select one of your members to serve as foreperson. This individual has the same vote as the rest of the jurors, but simply serves to preside over the discussions. Once you begin deliberating, if you need to communicate with me, the foreperson should send a written message to me by ringing the buzzer next to the door and handing your note to the Court Security Officer. However, you are not to tell me how you stand numerically as to your verdict – for instance, should you be split in your voting at any time, you would not tell me the specific numbers of division in your note.

We use a verdict sheet. This is simply the written notice of the decision that you reach in this case. As soon as you have reached a verdict as to the claims alleged in the pleadings, you will return to the courtroom and your foreperson will, on request, hand the verdict sheet to the Clerk. There are places on the verdict sheet for the foreperson to enter the verdict, sign it, and date it.

During the trial, several items were received into evidence as exhibits. You will not be taking the exhibits into the jury room with you at the start. If, after you have begun your discussions of the case, you think it would be helpful to have any of the exhibits with you in the jury room, have the foreperson send me a note asking for them.

If you need a break during deliberations, you may do so in the jury room, or if you need a break outside the jury room, a Court Security Officer will escort you. However, you must not deliberate during a break unless all [eight] of you are together. If you are not together, then do not talk about the case until all of you are all back together.

You may now take the case and see how you find.